STEPTOE, JUDGE:
On September 27, 1986, at approximately 7:55 a.m., claimant Junior J. Orsburn experienced transmission slippage and so he immediately parked his 1976 Ford pick-up truck on the North side berm of U. S. Route 33, near intersection of State Secondary Route 5/10 in Upshur County, West Virginia. He was off the road standing in front of his truck. He had the hood up and was checking the transmission fluid. A short distance away on Route 33, Thomas Binns was driving his 1983 Ford Mustang in the direction of claimant. When Mr. Binns drove into a large pool of surface water, some four to six inches deep, he lost control of his vehicle which struck claimant's truck. As a result of Mr. Binn's vehicle striking the claimant's parked truck, claimant was knocked backwards and sustained personal injury and total destruction of his truck. Claimant Junior J. Orsburn has been diagnosed as having suffered bilateral inguinal hernias and shoulder injury. Surgery was performed to correct the hernias, however, additional surgery is recommended to correct a reoccurrence of the hernia to his right side. As of this date, he has not had additional surgery and he has returned to work. Additional surgery unperformed as of this date is estimated to cost $2,000.00 more. Lost income during the pendency of his recovery was testified by the claimant as minimal, as he is earning more per hour performing carpentry than he did before the accident. No estimate was provided for the replacement value of his pick-up truck. Total medical expenses to date have been stipulated to in the amount of $4,274.11.
Claimants contend the large pool of surface water extant in the area of the accident was the proximate cause of the accident, and that respondent was aware that water could and would collect in the area due to a culvert that was obstructed and admittedly inadequate to handle drainage from the road surface.
Respondent, while acknowledging the inadequacy of drainage , avers the result of excessive and unusual rainfall. Respondent concluded that if negligence is found for having failed to provide adequate drainage in the area, such negligence is negated by a superseding act of nature, namely excessive rainfall. The Court is unconvinced. The very need for adequate drainage is heightened and not reduced by the excessive rainfall argument. Uncontroverted testimony of meteorological records indicates heavy rainfall of over three inches fell in the area of the accident within a two-day period. Respondent contends the unusual weather is an unforeseeable factor relieving the respondent of negligence in failing to have adequate drainage.
This Court believes that inadequate drainage does produce foreseeable results under unforeseeable conditions, and thus does not excuse respondent from liability. Testimony is replete with examples of both constructive and actual notification to respondent of the inadequacy of drainage in the area of the accident. The failure of respondent to secure an easement for improved drainage from a recalcitrant property owner does not relieve respondent of its statutory duty of *127 providing a roadway free of hazards. Efforts at condemnation were never instituted, nor were signs posted to warn motorists of the dangerousness of standing water. Respondent's witnesses testified to having knowledge of inadequate drainage, an obstructed culvert, and related deficiencies in this area, but no definitive corrective action was taken to arrest or remedy same. It is well established by case precedent that the State is neither an insurer nor a guarantor of the safety of motorists on its highway. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be liable for the damages caused by the inadequate drainage, claimant must prove that respondent had actual and constructive notice of the existence of the defect and a reasonable amount of time to correct it. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976). Respondent witnesses have testified to having such knowledge of the inadequate drainage some four years before the accident in 1982 and thereafter. The Court likewise recognizes the habitual nature of inadequate drainage in the accident area, as initially found in Currence v. Dept. of Highways, (CC-84-116), Unpublished Opinion of the Court of Claims (1985).
This Court is of the opinion that claimants have established by a preponderance of the evidence that respondent was aware of the hazardous condition in the area of U.S. Route 33 at State Route 5/10, and that respondent failure to take appropriate action to eliminate the water hazard or warn motorists of the presence of the same constituted a failure to keep the road in a reasonably safe condition. Therefore, the respondent was guilty of negligence proximately causing the injuries to claimant Junior J. Orsburn. The Court further finds that the record fails to disclose negligence on the part of claimant Junior J. Orsburn. Therefore, the Court is of the opinion to make wards to claimant, Junior J. Orsburn, and to his wife, claimant Margaret Orsburn.
While the Court is aware that claimant Junior J. Orsburn received a settlement from the other driver, we recognize the amount was expended for injury related costs leaving him with outstanding unpaid expenses. Claimant J. Orsburn incurred medical expenses in the amount of $4,274.11, loss of earnings in the amount of $6,538.00, future medical expenses in the amount of $2,000.00, and pain and suffering in the amount of $5,000.00 as determined by the Court. He received a settlement in the amount of $7,500.00 from the joint tortfeasor; therefore, the Court makes a total award of $10,312.11 to claimant Junior J. Orsburn. The Court is also of the opinion to, and does, make an award to claimant Margaret Orsburn in the amount of $1,000.00 for her loss of consortium.
Award of $10,312.11 to Junior J. Orsburn.
Award of $1,000.00 to Margaret Orsburn.
Judge Baker did not participate in the hearing or decision of this claim.