PER CURIAM:
Claimant brought this action to recover costs associated with water damage to her real estate which she alleges is due to negligent maintenance of the drainage system for U.S. Route 52 in McDowell County. At the hearing of this claim, the Court amended the style of the claim to reflect the owner of the real estate as the only party in interest. The Court permitted claimant’s son, Thurman S. Taylor, to present her claim as the claimant is physically unable to do so. Claimant’s son is familiar with the circumstances of the claim and the Court determined that he has *187 sufficient knowledge of the facts in the claim to testify and present the evidence on behalf of the claimant. Respondent is at all times herein responsible for the maintenance of U.S. Route 52 in McDowell County. The Court is of the opinion that respondent is liable in this claim for the reasons stated more fully below, and, further, the Court considers the claim to have been heard on the issue of liability only.
Claimant’s son, Thurman S. Taylor, testified in this claim to set forth the facts in the claim as follows. Claimant’s property and home are situate on Kyle Bottom Road in Kyle, McDowell County. U.S. Route 52 is a main road located on a hillside ab ove claimant’s property. The drainage system for U.S. Route 52 provides for a culvert beneath the highway which has its outlet end on a hillside some distance from claimant’s property, but the water from the culvert empties such that the water flows to the drainage system for Kyle Bottom Road. Once the' water flows to Kyle Bottom Road, there is a ditch line which carries the water in a downhill direction to claimant’s property, and more specifically, to the edge of her driveway. At this point, claimant alleges that the water from the ditch line has no place to flow so it flows onto her driveway causing a muddy, impassable area for her on the driveway and in her yard. She attempted to remedy the situation by having 180 feet of six-inch pipe placed beneath her driveway and alongside the driveway to divert the water flowing directly onto her property towards the creek where it ultimately flows. Claimant also had gravel placed in her driveway to alleviate the muddy conditions. It is alleged that water has continuously flowed onto her property for the past twenty years. At one time, she paid an individual for work on her driveway but this did not alleviate the water problem. Claimant has suffered with the water problems for some twenty years. She has spent money for an attempted remedy, but to no avail. In 2001 she had her son (the witness at the hearing) install six-inch pipe under and along side of her driveway but the pipe is not of an adequate size to prevent excessive water from flowing onto the driveway and causing damage thereto. She also had gravel placed in the driveway and railroad ties put in to support the gravel. She expended $309.76 for the pipe and a grate. Claimant did not provide the Court with an estimate of the cost for remedying her water problems by installing fifteen-inch pipe in place of the six-inch pipe or replacing the gravel in the driveway.
Claimant asserts that the crux of her problem is the failure of respondent to provide for proper drainage on Kyle Bottom Road for the water flowing from U.S. Route 52. Therefore, respondent is negligent in its maintenance of its drainage system causing damage to her property.
Respondent contends that it has done all it can with its drainage system and that it is the responsibility of the claimant to provide a proper drainage system beneath her driveway to alleviate the water problems which she has on her property.
A crew leader employed by respondent at the Havaco substation in McDowell County, Paul Linzy Gullett, testified that he is familiar with claimant’s property on Kyle Bottom Road. Although he is not personally aware that any complaints have been received by respondent about water problems on Kyle Bottom Road, he was part of the crew that installed the drainage structure placed by respondent at the location of claimant’s driveway. Respondent installed a fifteen-inch pipe beneath the roadway some feet before claimant’s six-inch pipe. The purpose of the new pipe is to divert the water flowing toward claimant’s driveway to flow into the pipe which goes beneath the road and then into a drainage ditch on the opposite side of the road where the water eventually flows to a creek. It was Mr. Gullett’s opinion that claimant is responsible for any excess water that flows onto her driveway and property even though it flows from respondent’s drainage structures.
*188 For the respondent to be held liable for damages caused by inadequate drainage, claimant must prove that respondent had actual or constructive notice of the existence of the inadequate drainage system and a reasonable amount of time to correct it. Orsburn v. Div. of Highways, 18 Ct. Cl. 125 (1991); Ashworth v. Div. of Highways 19 Ct. Cl. 189 (1993).
After a careful review of the evidence in this claim, as well as the photographs submitted by in this claim, the Court is of the opinion that the proximate cause of the damage to claimant’s property is respondent’s failure to maintain an adequate drainage system for the water flowing from U.S. Route 52. Respondent knew of the drainage problems atthis location fora significant period oftime and that the claimant was experiencing an excessive amount of water flowing onto her property. However, respondent failed to provide for an adequate drainage system for the water flowing on Kyle Bottom Road from U.S. Route 52 to prevent excessive water from flowing onto claimant’s property. Thus, the Court has determined that claimant herein may make a recovery for the damages to her property.
In accordance with the findings as stated herein above, the Court directs the Clerk of the Court to set this claim for hearing on the issue of damages as soon as may be practicable.