PER CURIAM:
Claimants brought this action for water damage to their personal property which they allege was caused by respondent’s negligence in paving over a curb adjacent to their home in Bluefield, Mercer County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on July 8, 2001. Claimants reside in a house owned by their son where they have personal property including property in the basement. The residence is located at 1201 Carolina Avenue in Bluefield, Mercer County, and is situate on the slope of a small hillside below Cherry Street which is also designated as Route 52. The house has a set of steps which are located on the slope from the sidewalk to the basement. Claimants have a fence in front of their home which is adjacent to the sidewalk. Claimants are responsible for maintaining the sidewalk. On the opposite side of the sidewalk there is a small grassy area adjacent to a six to eight inch curb and below the curb is Route 52. Mrs. Dillon testified that prior to the incident at issue, the asphalt curb was at least six to eight inches higher than the road surface and that it provided a barrier to keep surface water from flowing off the road and onto their property. Mrs. Dillon testified that they had lived in this home for ten years and they had never had any flooding problems. Further, she stated that the curb was in place during this time period. According to Mrs. Dillon, respondent or its contractor paved Route 52 sometime in June 2001. When respondent had the road paved, the entire curb in front of claimants’ home totally disappeared. Mrs. Dillon testified thatthis caused the surface of the road to be level with the sidewalk and the grassy area. • On July 8, 2001, there was a very heavy rain and the surface water from the road washed down the hill and into claimants’ basement bringing a large amount of gravel with it. Mrs. Dillon testified that there was more than a foot of water in the basement as a result of this flooding. The water and gravel that washed into the basement destroyed a washer, dryer, and a freezer that was full of food. Mrs. Dillon also stated that practically all of the food items in the freezer were destroyed when it stopped working. Mrs. Dillon stated that these appliances were purchased during Christmas 2000 and were therefore only seven months old. The washer and dryer were purchased at a cost of $647.00 and the freezer at $354.00. Claimants also seek recovery for the food items destroyed in the amount of $250.00. Thus, claimants seek a total award in the amount of $1,251.00.
Claimants contend that respondent was negligent for allowing the road in front of their home to be paved such that the curb was no longer an actual curb and that it knew or should have known that this would cause surface water from the roadway to flow onto claimants’ home and property.
Respondent asserts that it was not responsible for the asphalt that was allegedly placed over the curbing and that it did not have notice that there was a potential for flooding at this location. Regardless, respondent also asserts that even if there was a curb in place on the date of this flood, it rained so much and in such a short amount of time that a curb might not have stopped the water.
Melvin Blankenship, the crew leader supervisor for respondent in Mercer County at the time of this incident, testified that his responsibilities include supervising the maintenance of Route 52 including the location of this incident. He testified that respondent is responsible for paving Route 52 and any ditch work along Route 52. However, the City of Bluefield is responsible for snow and ice removal. Respondent maintains Route 52 from curb to curb. According to Mr. Blankenship, *278 the paving job was performed by a private contractor on respondent’s behalf. He testified that Route 52 was dug up and widened at the same time the Easley Bridge was being built. The local water company was installing two new water lines next to Route 52, and to do so, it had to make cuts across Route 52. Mr. Blankenship testified that the water company asked respondent if it would extend the asphalt another one hundred fifty to two hundred yards up the hill farther than respondent originally planned, so as to cover up the cuts made across Route 52 by the water company. This was done so as to prevent a hazard in the road especially during the winter months. However, Mr. Blankenship testified that he was informed by the contractor that there would be only one inch of asphalt added to the road in front of claimants’ home. He stated that an inch of asphalt should not have covered up a six. inch curb. Mr. Blankenship also testified that there is a funeral home located above claimants’ house and a great deal of water flows from that property when it rains. He stated that this is due to the factthatthe shoulder of the road is sloped slightly towards the claimants’ property and their home is three feet below the shoulder of the road. In his opinion, this could be where a lot of the water came from. Finally, he testified that on July 8, 2001, there were three and one-half to four inches of rainfall within approximately an hour, and that given that large amount of water even a six inch curb would not have prevented the roadway surface water from flowing down hill onto the claimants’ property.
This Court previously has held that to hold respondent liable for damages caused by inadequate drainage, claimants must prove by a preponderance of the evidence that respondent had actual or constructive notice of the existence of the inadequate drainage system and a reasonable amount of time to take corrective action. Orsburn v. Division of Highways, 18 Ct. Cl. 125 (1991); Ashworth v. Division of Highways, 19 Ct. Cl. 189 (1993).
After a review of the testimony in this claim, the Court is of the opinion that the proximate cause of the damage to claimants’ personal property was the fact that respondent paved to the top of the curbing along Route 52 in front of claimants’ home and property. Respondent is responsible for the acts and omissions of its contractor. Respondent knew or should have known that surface water would flow from the road onto claimants’ property if the curb was not there as a barrier. The evidence established that claimants’ property was at least three feet below the surface of the road. The paving project took place in June 2001, and the flood incident occurred on July 8, 2001, thus respondent had adequate time to take corrective action. The Court has determined that claimants may make a recovery for the damage to their property in the amount of $1,000.00, which the Court has determined to be a fair and reasonable recovery for the washer, dryer, and freezer after taking into consideration the diminution in value of these items.
Accordingly, the Court is of the opinion to and does make an award to claimants in the amount of $1,000.00.
Award of $1,000.00.