PER CURIAM:
Claimants brought this action for water damage to their property which they allege was caused by the negligent maintenance of the berm and its support structure along County Route 48 in Webster County. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on or about July 29, 2001. Claimant, Edith Geraldine Dobson, is the titled owner of the home and property at issue. Her son, Roy Keven Dobson, has contracted with her to purchase the home and property. Mr. Dobson has made numerous payments under this contract and currently resides at the home. The home and property are located along what is referred to as Cranberry Ridge Road near Webster Springs in Webster County. Cranberry Ridge Road is designated as County Route 48. Claimants’ home is located approximately five or six feet from County Route 48. They own approximately two and one-fourth acres of land including the house. There is a small berm on the side of County Route 48 where claimants’ properly is located followed by a small but sharp drop-off that levels out into a small valley behind their house. It is in this small valley area that Mr. Dobson plants his garden which he has done since 1999. There are a few homes on the other side of County Route 48 that are adjacent to the road. These homes are located at the base of a significantly steep hill. County Route 48 is a two-lane, blacktopped, secondary highway. Mr. Dobson has lived in this home for approximately three years and plans to purchase it and the property in full. He stated that his garden was fenced off in a square-like manner. On July 29, 2001, there was a heavy rain in Webster Springs and the surrounding area including the claimants’ home. According to Mr. Dobson, it began raining hard early in the day and continued into the afternoon. It was sometime in the afternoon that Mr. Dobson noticed a heavy stream of water flowing from an easterly direction along County Route 48 and downhill towards claimants’ property. He stated that there was a great deal of rock, trash, and other debris flowing with the water. According to Mr. Dobson, the force of the water and debris caused a portion of the side of County Route 48 to break in half and collapse which allowed the water and debris to wash over the hill and onto claimants’ property and garden. In addition to the damage caused by the water, there was approximately two and one-half to three feet of rock which piled up on claimants’ property and garden. Photographs introduced into evidence by Mr. Dobson demonstrate that the rock and debris completely destroyed his garden and most of the fence around it. The rock extended approximately one-half acre across claimants’ property. Mr. Dobson testified that had respondent placed “gabion baskets” underneath the berm to provide it with support on the hillside, the road would not have broken lose at this location and his property would not have been damaged. Mr. *299 Dobson also testified that he planted the garden primarily for his own consumption, but that if he had a lot left over he would sell it. He planted and grew approximately ten rows of each of the following; tomatoes, green beans, corn, cucumbers, cabbage, brussels sprouts, carrots, beets, and potatoes. All of this was destroyed by the flood, as was approximately fifty-five feet of his fence surrounding the garden. Claimants’ value the loss of their garden at $2,000.00. They were unable to place a value on their fence. Mr. Dobson estimated that it would cost between $10,000.00 and $15,000.00 to have someone use heavy equipment to remove all the rock and debris off their property and restore the land as it was prior to the flood.
Claimants assert that respondent was negligent in failing to provide a proper foundation and support for the edge of the road and the berm at this location which proximately caused the road to break and water and debris to wash onto their property.
It is respondent’s position that it did not have notice of any potential hazard with the edge of the road or the berm atthis location. Further, respondent asserts that there was an unforeseeable heavy rainfall at the time of this incident which caused the damages to claimants’ property.
Jimmy Collins, maintenance supervisor for respondent in Webster County at the time of this incident, testified that he is responsible for maintaining the roads in Webster County including the portion of County Route 48 at issue in this claim. Mr. Collins is personally familiar with the road at this location. He testified that respondent had no prior notice of a problem or potential problem with the portion of County Route 48 at issue. According to Mr. Collins, his crew placed “shoulder stone” at this location and the surrounding area along the berm of County Route 48 approximately one week prior to this incident. Mr. Collins stated that he was of the opinion that the “shoulder stone” was sufficient, at that time, to support the road. Mr. Collins also testified that the extraordinary heavy rainfall that occurred between July 26, 2001, and July 29, 2001, caused the berm of the road to wash away, and the subsequent damage to claimants’ property. Respondent submitted into evidence the “Record of Rainfall Reporter” which is a record of the daily rainfall in Webster County kept by respondent at its headquarters in Webster County. The record for the month of July, 2001, indicated that between July 28, 2001, and July 30, 2001, there was rainfall in the amount of 3.05'inches. Further, the same record indicated that from July 26, 2001, through July 30, 2001, there was a total rainfall of 6.25 inches. Mr. Collins stated that this amount of rainfall in the Webster Springs area is well above normal. Mr. Collins also testified that on July 29, 2001, his crew was involved in emergency services along County Route 48 due to flooding. Respondent also introduced evidence demonstrating that it responded to numerous emergencies on July 29, 2001, including overflowing streams, clogged culverts, fallen trees, and slips in many berm areas. Mr. Collins also testified that the culvert located near claimants’ property could not possibly handle the large amount of rainfall received in such a short period. He also stated that the water which overflowed from this culvert contributed to the volume of water on and along the road. Finally, Mr. Collins testified that respondent placed “gabion baskets” at the location where the berm of the road washed away in order to create a foundation for the new berm and to provide stability and support. However, he testified that this could not have been done until after the flooding stopped.
*300 For respondent to be held liable for the damages caused by inadequate drainage, claimant must prove that respondent had actual or constructive notice of the existence of the defect and a reasonable amount of time to take corrective action. Orsburn v. Division of Highways, 18 Ct. Cl. 125 (1991); Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1976).
In the present claim, the Court is of the opinion that the claimants failed to establish sufficient evidence to establish that respondent had prior notice that the berm would slip or wash away at this location. The evidence established that respondent had just recently placed “shoulder rock” along the berm of County Route 48 and had no reason to believe that it would slip or wash away. Furthermore, there was an extraordinary rainfall on the date of this incident, as well as the three proceeding days. The culvert that was in place to handle the usual water flow could not have done so under these extraordinary circumstances. Respondent was operating under emergency circumstances on the date of this incident and acted reasonably and diligently under these circumstances. While the Court is sympathetic to the claimants’ loses, it is constrained by the evidence to deny this claim.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.