PER CURIAM:
Claimants are the owners of two rental units which make up a duplex apartment building on Riddle Avenue in Morgantown, Monongalia County, which sustained damages on July 8, 2003, when water flowed from the ditch line across Riddle Avenue and flooded the two units. Claimants allege that respondent failed to maintain the ditch line in a proper manner. Respondent was responsible for maintaining Riddle Avenue at all times herein. The Court is of the opinion to make an award to claimants for the reasons set forth below.
Claimant Alan Beddow testified that claimants purchased two rental units on Riddle Avenue in 1995. There were no problems with flooding until the summer of2002 when a storm occurred and water came into the units causing damages. He contacted respondent’s employees at the Sabraton Garage to come to Riddle Avenue. A crew cleaned the ditch on the opposite side of Riddle Avenue that had overflowed with water flowing across the road into claimants’ apartments. The next spring in 2003 he noticed that the ditch line had not been cleaned so he contacted respondent again requesting that the ditch line be cleaned again before causing any flooding problems at his apartments. On July 8,2003, a storm occurred in Morgantown bringing about three inches of rain in two to three hours. Claimants’ apartments flooded causing damage to the carpeting on the first level of each unit. Claimants again contacted respondent and a crew came to the scene that evening to clean out the ditch line. Claimants’ damages included the destroyed carpet and claimants later employed a landscaper to contour the yard creating a slope to prevent water from flooding their units again. They took these steps in an attempt to mitigate any further water problems. These efforts caused claimants to incur the cost of $1,473.38 for carpet and $5,900.00 for the landscaper for a total loss of $7,373.38.
Claimant Stephanie Beddow testified that she and her husband had lived in one of the apartments from 1995 until 2001 and that there had not been any problems with water in the unit. She came to the apartments on the day of the flood described on July 8, 2003, so she could assist with the clean up. She observed the wet carpet that was ruined, and she was present when one of the tenants took photographs of the scene during the flooding. She testified that the photographs accurately depicted the situation on that day.
Claimants allege that the damages to their duplex apartment building were caused by respondent’s failure to maintain the ditch line in a proper manner and keep it *113 free from silt and debris adjacent to Riddle Avenue across from their property, and that this failure caused them to incur a loss.
Respondent contends that it maintained the ditch line on Riddle Avenue in an adequate manner and that the damages to claimants’ apartment building were the result of an unusual storm in the Morgantown area on the morning of July 8, 2003, which caused flooding problems throughout Monongalia County.
Kathy Westbrook, respondent’s Highway Administer for Monongalia County, testified that she is familial- with Riddle Avenue which is designated as County Route 61/4. She is responsible for the maintenance of this street which is a two-lane, asphalt road approximately twenty feet wide. It is a second priority road approximately .91 miles long and runs in a north-south direction with claimants’ property on the east side of the street. This road was taken into the State highway system on February 10,1982, and has been maintained by respondent since that date. She stated that on July 8, 2003, the National Weather Service issued a flash flood warning at about 6:30 a.m. for the Monongalia County area. She stated that in three hours there were four inches of rainfall which caused flooding problems throughout that day. She talked to claimant Alan Beddow about the flooding at his apartment units in the afternoon on July 8, 2003, and responded by filling out a Citizen’s Request for Assistance form. She testified that she visited Riddle Avenue that afternoon and sent a crew to the area that evening to clean out the ditch line, which was done. Ms. Westbrook described that drainage system on Riddle Avenue as follows: there is an underground drainage system at the beginning of Riddle Avenue for the first tenth of a mile and then there is an open drainage ditch adjacent to Riddle Avenue across from claimants’ property; there are also two driveways and one of them has a twelve-inch culvert beneath it which is not the regulation size required by respondent of fifteen inches; and there is a construction project to the north of claimants’ property on the west side of Riddle Avenue and the entrances to this site had only one with a fifteen-inch culvert beneath it while the other entrances had permit requests pending but did not have proper drainage structures beneath them. She stated that the owners of properties on Riddle Avenue to the south of claimants’ property have been notified that their driveway culverts “are possibly not sufficient to carry the water.” It is her opinion that the flooding on claimants’ property occurred due to the severity of the storm that day and not from any problem with the ditches although she acknowledged that the ditch line was filled with sediment and silt. She also stated that the records maintained by respondent establish that one of the claimants contacted respondent’s office July 26,2002, and the ditch line on Riddle Avenue was cleaned in response to the contact. Respondent’s records also established that it cleaned the ditch line on Riddle Avenue on April 22, 2003, which is in accordance with respondent’s maintenance schedule to clean the ditches along secondary roads at least once a year.
To hold respondent liable for damages caused by inadequate drainage, claimant must prove by a preponderance of the evidence that respondent had actual or constructive notice of the existence of the inadequate drainage system and a reasonable amount of time to correct it. Ashworth v. Div. of Highways 19 Ct. Cl. 189 (1993); Orsburn v. Div. of Highways, 18 Ct. Cl. 125 (1991).
The Court has taken into consideration all of the evidence in this claim, including the photographs. The claimants’ property was flooded on July 8,2003, during a storm, but the Court has determined that the cause of the flow of water across Riddle Avenue was proximately caused by the condition of the ditch line across from the property. The ditch line had been allowed to fill with sediment and silt probably from the constmction project north of claimants’ property which also resulted in more water *114 than usual to flow into the ditch line and then across the road. Once respondent cleaned the ditch line to a depth of one foot or more there were no more problems; however, on the date of the flood that occurred herein, the ditch line was only a few inches in depth, which would not have been sufficient. Therefore, the Court concludes that claimants have established that respondent was negligent in its maintenance of the ditch line on Riddle Avenue and this negligence was the proximate cause of the damages to claimants’ property on July 8, 2003.
In accordance with the findings of fact stated herein above, the Court is of the opinion to and does make an award to claimants in the amount of $7,373.38.
Award of $7,373.38.