PER CURIAM:
Claimant brought this action to recover costs associated with water damage to her home and personal property allegedly due to the negligent maintenance of the drainage system along Hamilton Addition Road and Manor Drive in White Sulphur Springs, Greenbrier County. Respondent is at all times herein responsible for the maintenance of Hamilton Addition Road and Manor Drive. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
Claimant’s property and home are situate at the comer of Manor Drive and Hamilton Addition Road in White Sulphur Springs, Greenbrier County. Claimant purchased the property and the home in December 1977. Her home is adjacent to Manor Drive, an unmarked asphalt road which runs north to south in front of claimant’s home. Hamilton Addition Road is also an unmarked asphalt road which is located adjacent to the right side of claimant’s house. Hamilton Addition Road runs east to west. There is a culvert located at the comer of the northern end of Manor Drive and the eastern end of Hamilton Addition Road. The water flows into the culvert at this location and channels it to a ditch line along the side of Manor Drive opposite claimant’s property. The ditch line extends south to the end of Manor Drive where it empties into a sixteen to twenty inch culvert. This culvert extends under the road and underground through an empty lot for some distance where it empties into a small creek. Claimant’s home is level with both roads adjacent to her property. She has an asphalt driveway in front of her home that is slightly slanted toward the road to allow water to drain into a culvert which she had installed at the end of her driveway. In addition, claimant has gutters and down spouts on her home. Claimant testified that the water from the gutters and down spouts flows into her culvert.
The incident giving rise to this claim occurred on February 27, 2003, at approximately 9:00 a.m. According to claimant, there was a heavy snowfall of approximately six to seven inches in the White Sulphur Springs area approximately two or three days before this incident. The snow was followed by a day of heavy rain that quickly turned to sleet and ice. At approximately 9:00 a.m. on the morning at issue, *119 claimant and her friend, B.J. Camden, returned to her home after having breakfast at a local restaurant. They discovered approximately five to six inches of water in the basement. Claimant opened the sliding door to the basement to allow the water to escape. Claimant also testified that she, Mr. Camden, and Harold Weikel, a neighbor, dug ditches and trenches to divert the water that was flooding her property onto her surrounding neighbors’ properties. Claimant presented numerous photographs into evidence which demonstrated that a significant amount of water had flowed through her property. Claimant testified that, in her opinion, respondent caused excessive water to flow onto her property because it had plowed the snow from the roads and piled the snow on both sides of the road at the comer of Manor Drive and Hamilton Addition Road. Claimant stated that the pile of snow was four feet high and it blocked the entrance to the culvert located at the comer of Manor Drive and Hamilton Addition Road. The snow prevented the water from entering the culvert at this location which then allowed the water to accumulate. It was not able to flow through the ditch along Manor Drive as it would under normal circumstances. Thus, drainage water flowed from the east over top of the culvert, across her neighbor’s yard, onto her property and into her basement. Claimant presented numerous photographs which corroborated her testimony regarding the path of the water. Claimant also testified that her neighbor directly across from her on Manor Drive also had her culvert blocked as a result of respondent leaving large piles of snow in front of the entrance. Claimant testified that this also caused more water to flow onto her property and contributed to the flooding of her basement. In addition, claimant stated that her home was flooded in a similar manner in 1995, for the same reasons as the present flood. At that time, respondent suggested that claimant install a culvert at the end of her driveway, which she did. However, according to claimant, respondent never created the ditch line along the left side of Manor Drive where her home is located. Thus, she states that she has a culvert under the driveway but respondent did not connect a ditch line on either side of the culvert. Claimant stated that the culvert near the south end of Manor Drive was also blocked. However, claimant testified that this culvert was blocked with rocks and gravel. Claimant stated that as a result of this blocked culvert, additional excess water was spilling over onto the road and flowing onto her property contributing to the flood damages she incurred.
As a result of the flooding to claimant’s home, the utility room in the basement of her home received approximately six inches of water. Her mother’s antique sewing machine was damaged as well as a new computer desk, a television cabinet, a couch, and her sewing machine. Claimant also stated that the fabrics she uses in sewing projects were saturated and the carpet was destroyed. In addition, claimant testified that the bedroom in the basement was flooded causing damage to a bed, a chest of drawers, a dresser, an antique cabinet and a cedar wardrobe. Finally, claimant testified that the utility room and bathroom which extends the full length of the house were also flooded causing damage to her washer and dryer, a bookcase, various clothing and toys that belong to her granddaughter, and her Rainbow sweeper. While claimant did not present an itemized list of damages, she testified that her Rainbow sweeper was $ 1,000.00 when she purchased it in 1989 and her Christmas tree cost $189.00. Claimant seeks a total award of $2,330.84 in damages as stated in her complaint.
B.J. Camden testified that respondent deposited the snow at the stop sign. He also testified that respondent could have put the snow on a vacant lot next to the creek where it simply would have melted and drained into the creek.
Claimant contends that respondent negligently maintained the drainage system along Hamilton Addition Road and Manor Drive which was the proximate cause of her *120 flood damage.
Respondent did not present any witnesses or evidence in this claim.
To hold respondent liable for damages caused by inadequate drainage, claimant must prove by a preponderance of the evidence that respondent had actual or constructive notice of the existence of the inadequate drainage system and a reasonable amount of time to correct it. Ashworth v. Division of Highways, 19 Ct. Cl. 189 (1993); Orsbum v. Division of Highways, 18 Ct. Cl. 125 (1991).
In the present claim, the Court is of the opinion that the proximate cause of the damage to claimant’s property was respondent’s failure to maintain an adequate drainage system for the water flowing from Hamilton Addition Road and Manor Drive. Respondent had at least constructive, if not actual, notice of the potential for flooding at this location. Claimant notified respondent of this problem after a similar incident in 1995, but respondent did not remedy the problems. Further, claimant established that respondent should have used more care and diligence in determining where to place the excess snow it cleared from the roads. The testimony established that there was an empty lot near the location of the culvert where respondent could have deposited the snow. Thus, respondent knew or should have known that it negligently covered the inlet end of the culvert at this location. The Court has determined that the claimant herein may make a recovery for the damages proximately caused to her property.
The Court has reviewed claimant’s damages which are subjective in nature rather than specific in amount. The Court has determined that a fair and reasonable amount of damages is $1,500.00. This amount reflects depreciated values for the Rainbow sweeper and claimant’s Christmas tree as well as an estimate for the furniture and sundry items she listed.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $ 1,500.00.
Award of $ 1,500.00.