SAYRE, JUDGE:
Claimant brought this action for property damage to her real estate which she alleges occurred as a result of respondent’s negligent maintenance of a drainage system. Claimant’s residence is located in Kanawha County. The Court is of the opinion to make an award in this claim for the reasons more fully slated below.
Prior to the hearing of this claim, the Court granted claimant’s Motion for Partial Summary Judgment. In granting claimant’s Motion, the Court found that the drainage ditch along Hillcrest Drive was inadequate to carry the water from a ten-year storm and the culvert that ran beneath Riverview Drive was also inadequate to carry a ten-year storm. The issues heard at trial were notice on the part of the respondent of the condition of the drainage system and the damages incurred by claimant as a result of the excessive flow of water onto her property.
Claimant’s property is adjacent to County Route 60/14, locally known as Riverview Drive. County Route 160/25, locally known as Hillcrest Drive, intersects with County Route 60/14 directly across from claimant’s house. The incident giving rise to this claim occurred on February 18, 2000. A heavy rainfall occurred on and just prior to February 18, 2000, which resulted in part of claimant’s basement wall collapsing which is the basis for the claim herein. Mrs. Mercer stated that on the date of the incident, the culvert across the street from her house was clogged and filled with water. The water flowed across the street and into her yard. She testified that she heard a loud noise and went into her basement to find that the basement wall had collapsed. Mrs. Mercer stated that sometime during the 1970’s there had been some minor flooding on her property and she made several telephone calls to respondent as a result. She further testified that water had entered her yard in 1997 and again she made numerous telephone calls to respondent regarding the flooding problem. As a result of the flooding that occurred on February 18, 2000, Mrs. Mercer had to have the basement wall rebuilt and the basement cleaned. Mrs. Mercer paid $29,000.00 for these services. Claimant’s furnace was also destroyed as a result of the flooding. Claimant paid $593.50 to have the furnace replaced. Claimant also lost numerous items in the basement including an antique Victrola, records, canned goods and a hot water tank. Claimant’s damages totaled over $30,000.00 as a result of the flood.
*63 Gary Mercer, claimant’s son, testified that the first flood occurred in the late 1970’s. Mr. Mercer stated that at that time crews for respondent came to the site and installed a culvert pipe under Riverview Drive. He stated that the next flooding occurred in 1997, at which time respondent was called numerous times. Mr. Mercer stated that respondent again cleaned the culvert across the street from his mother’s house.
Don Stalnaker, a Registered Professional Engineer, testified as an expert on behalf of claimant. Mr. Stalnaker prepared a report for the contractor who made repairs to Mrs. Mercer’s house as to measures that should be taken to repair the basement wall that was destroyed in the flooding. In the preparation of his report, Mr. Stalnaker observed the flow of water from the culvert across the road and into Mrs. Mercer’s yard. Mr. Stalnaker testified that there was a sixteen-inch culvert that was or became clogged which caused the water to leave the ditch and flow across the road. He stated that file culvert was not adequate to handle the water that flowed through it on the date of the incident.
The position of the respondent is that it did not have notice of a problem with the drainage system along County Route 160/25 and County Route 60/14. County Route 160/25 was taken into the state highway system through the Orphan Road Program on August 17, 1999, approximately six months prior to the date of the incident involved in this claim. The drainage system along County Route 160/25 was not designed or built by respondent, but rather it was inherited by respondent when it was taken into the State highway system. Doug Kirk, an hydraulics engineer for respondent, testified that the ditch and culverts both should have been designed to carry the waters of a ten-year storm. Mr. Kirk stated that the culvert is inadequate to carry the flow of water from such a storm.
This Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). To hold respondent liable for damages caused by an inadequate drainage system, claimant must prove that respondent had actual or constructive notice of the existence of an inadequate drainage system and a reasonable amount of time to take corrective action. Orsburn vs. Div. of Highways, 18 Ct. Cl. 125 (1991); Ashworth vs. Div. of Highways, 19 Ct. Cl. 189 (1993).
In the present claim, the Court previously found that the drainage ditch along Hillcrest Drive was inadequate to carry the water from a ten-year storm and the culvert that ran beneath Riverview Drive was also inadequate to carry a ten-year storm. The evidence established that respondent had installed the culvert pipe that ran beneath Riverview Drive during the 1970’s and that it had been to the area after flooding on claimant’s property in 1997. In the opinion of the Court, the respondent had notice of the inadequate drainage system but did not take corrective action. Although claimant contacted respondent multiple times when flooding problems arose in the past; respondent did not perform adequate measures to alleviate the problem. The Court is of the opinion that respondent had constructive, if not actual, notice of the drainage problem in the area and a reasonable amount of time to take corrective action. Therefore, the Court has determined that respondent was negligent in its failure to adequately protect claimant’s property from excessive water flowing from the roads in the area. Thus, claimant may make a recovery for the damages caused by the flooding to her basement. The Court was provided with no evidence regarding the value of items that claimant testified were in her basement at the time of the flooding. As the Court will not speculate as to the value of any such items, the award to the claimant is *64 limited to the damage to the basement wall and the replacement of the furnace.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $29,593.50.
Award of $29,593.50.