PER CURIAM:
Claimant brought this action for water damage to her property which she alleges was caused by respondent’s failure to place proper drains and its negligent maintenance of the drainage ditch line on Big Fork Road in Elkview, Kanawha County. Big Fork Road is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
Claimant’s one acre property, which is located on Big Fork Road, is situated between a creek and a hill side. Respondent’s ditch line runs on the opposite side of the road from claimant’s house. The closest drain to claimant’s property is located to the east of claimant’s property. Although claimant purchased the mobile home where she currently resides on Big Fork Road in 1982, she has lived on Big Fork Road all of her life.[12] Claimant stated that the drainage problems have existed for the last forty years, but in the last two or three years, the water damage to her property has worsened. In particular, claimant indicated that there were two events where the heavy rains flooded her property: in May of2004 and in July of 2005.
Claimant stated that whenever it rains, water runs down the middle of the road and flows onto her yard. Claimant explained that respondent has failed to clean out the ditches in the area which prevents the water from draining properly. Although in 2005, *74 the State placed a drain at the foot of the hill above her property, the flooding still persists. Claimant stated that if there were another ditch in place, the ditch would have prevented the water and mud from accumulating on the road and flowing onto her property.
Claimant presented photographs as evidence depicting the damage to her property caused by the heavy rains in May of2004 and in July of2005. During the May 2004 incident, claimant explained that it had been raining for several days and she called respondent to clean the ditch because water was flooding onto her property. The photographs demonstrate that, as a result of the rain, approximately one foot of mud, dirt, and rocks covered her driveway, yard and approximately one hundred feet of Big Fork Road. The water and mud flowed underneath her mobile home, causing damage to the mobile home’s underpinning. The wood on claimant’s porch rotted and portions of the kitchen floor were destroyed as a result of the water.
Claimant sustained similar damages during the incident in July of2005. On this occasion, claimant stated that it had been raining heavily for a couple of days. As a result of the rain, a large amount of mud, rocks, and water covered Big Fork Road, her driveway, and her yard. The moisture caused considerable mold and mildew damage to claimant’s porch and kitchen.
Claimant submitted as evidence a construction estimate which stated that the cost of labor to replace the damaged floors, electrical wiring, insulation and underpinning, and the front and back porch amounts to $ 10,720.00. The cost of materials to replace the damaged areas on her property equals $5,853.71. Thus, claimant’s loss totals $16,573.71. Claimant did not have insurance coverage for her loss.
Jack W. Larch, a neighbor of the claimant, testified that almost every time it rains, he would help claimant clean out the ditch line on Big Fork Road. Carl W. Dolan lives next door to claimant and testified that he has lived in the area near Big Fork Road for the last fifty years and is familiar with the drainage problems on Big Fork Road. Mr. Dolan presented a diagram to the Court which depicted the location of the drains on Big Fork Road. He explained that the main ditch line, located behind Big Fork Road, has not been properly maintained. Since the low spot on the road is between Mr. Dolan’s residence and claimant’s residence, the water and debris build up in this area. The large amounts of mud, water, and debris that run off the hill causes the drains to clog very quickly. Although the State placed a new drain to alleviate the flooding, the amount of water flowing from the hill side and from the hollows in this area still overwhelms the State maintained drains. Neighbors in the area have installed private drains, but this has exacerbated the problem because these drains have subsequently collapsed and caused further flooding on Big Fork Road. In order to resolve the water drainage problem, Mr. Dolan opined that respondent would need to place a larger drain near claimant’s property.
It is respondent’s position that the proximate cause of claimant’s flooding problem is the layout of the land, and not respondent’s failure to maintain the drainage line and ditches near Big Fork Road. James Robinson, crew supervisor for respondent, testified that he cleaned the ditches that were clogged and put a new ditch in the area during the heavy flooding in May of 2004. In July of 2005, Mr. Robinson did not have any equipment with him to clean the road, but he reported to respondent that the drainage pipes needed to be cleaned. Mr. Robinson stated that the eighteen inch pipe which is currently in place is capable of carrying the water that comes down the ditch line, but it must be routinely maintained. Mr. Robinson testified that respondent performs routine maintenance on Big Fork Road each year.
*75 Douglas W. Kirk, a civil engineer for respondent, testified that he visited claimant’s property on January 29, 2007, and on September 25, 2007, to determine the cause of the significant moisture on claimant’s residence. During his visit on September 25, 2007, Mr. Kirk noticed that claimant’s yard was saturated even though there was a drought during the summer. Mr. Kirk testified that the property is located between a steep hill side and a creek at a fairly low elevation. He stated that ground water naturally flows from the hill side to the creek, causing the ground to be wet. This layout of the land significantly contributes to the moisture in the area. Also, the ground elevation is in a slight depression, which enables the land to retain the surface water for a longer period of time. In addition, water pouring from the septic system also contributes to the moisture on claimant’s property.
The Court previously has held that respondent has a duty to provide adequate drainage of surface water, and that drainage systems must be maintained in a reasonable state of repair. Haught v. Dept. of Highways, 21 Ct. Cl. 237 (1980). To hold respondent liable for damages caused by an inadequate drainage system, claimants must prove that respondent had actual or constructive notice of the existence of the inadequate drainage system and had a reasonable amount of time to take corrective action. Orsburn v. Div. of Highways, 18 Ct. Cl. 125 (1991); Ashworth v. Div. of Highways, 19 Ct. Cl. 189 (1993); Harrah v. Division of Highways, 24 Ct. Cl. 326 (2003).
The Court, after a careful review of the evidence in this claim, is of the opinion that a combination of factors contributed to the flooding and water damage on claimant’s property. The Court finds that the lay of the land between a hill side and a creek is one of the causes of the persistent moisture on claimant’s residence. The consistent flow of groundwater onto claimant’s property, coupled with the failure of claimant’s neighbors to maintain their private drains in this area, has exacerbated the flooding problems. The evidence establishes that the mold, mildew, and rotting wood on claimant’s property were the result of continuous exposure to moisture, rather than the occasional storms in May of 2004 and July of 2005. Although the Court finds that these incidents contributed to the amount of water on claimant’s property, the evidence demonstrates that this area has been prone to flooding for the last forty years. The Court finds that claimant has not satisfied her burden of proving that respondent’s negligent maintenance of the drainage line and ditches was the proximate cause of the flooding problems on Big Fork Road. Although the Court is sympathetic to claimant’s plight, there is insufficient evidence of negligence upon which to base an award.
Accordingly, the Court is of the opinion to and does disallow this claim.
Claim disallowed.

 Claimant stated that before living in her current mobile home, her former dwelling on Big Fork Road was destroyed when a private drain collapsed causing severe water damage to the residence.