PER CURIAM:
Claimants brought this action for flood damage to their real property which they allege was caused by Respondent’s negligent maintenance of the drainage system adjacent to Claimants’ properly. Claimants’ property is located on Country Route 24, locally designated Seng Creek Road, in Whitesville, Boone County. County Route 24 is a public road maintained by the Respondent. Upon consideration of all the evidence presented at hearing, the Court is of the opinion to deny this claim for the reasons stated more fully below.
In 1984, Claimants purchased a vacant lot adjacent to Route 24 in Boone County upon which they placed a double-wide trailer. Between 1988 and 1989, Claimants constructed a driveway onto their property and a 20 x 40 feet in-ground pool. Claimants’ property is situated in a hollow with a hillside directly behind their residence and a creek flowing on the opposite side of the road. There is a drainage ditch between Claimants’ property and the road and the nearest culvert is on the upper end of Claimants’ property, approximately 300 feet from their house, and extends underneath Route 24 to drain water coming off of the mountain into Seng Creek.
The incident giving rise to this claim occurred on August 2,2009. A heavy rainfall occurred on and just prior to August 2, 2009, that resulted in flooding to Claimants ’ properly which they allege damaged their swimming pool. Claimant Judy Dye testified that on the date of the incident heavy rainfall washed debris off of the hillside behind their house clogging the culvert underneath Country Route 24, thereby preventing the water from flowing into Seng Creek and diverting it down County Route 24, over Claimants’ driveway and into their swimming pool. Mrs. Dye could not state whether the culvert was clogged or clear prior to the date of the incident. She testified that although the pool was covered on the day of the flood, debris got under the cover and ripped the liner of the pool along with causing other unspecified damage.
Mrs. Dye testified that prior to 2009 she could not recall their property flooding. Mrs. Dye stated that during the last large flood in 2000 the properties on the opposite side of Route 24 (on the Seng Creek side) flooded, but that the culvert at issue in this case functioned properly by allowing water to flow off the hillside and drain underneath Route 24 into Seng Creek. Mrs. Dye speculated that during the 2000 flood Respondent used a machine to clear out the culvert.
Claimant Eugene Dye testified that the culvert had been installed at an inadequate angle allowing debris to flow through it. Mr. Dye stated that rocks and debris would enter the culvert and stack up, causing the culvert to clog. Both Claimants’ testified that neither of them had notified Respondent of problems with the culvert or requested maintenance to it prior to the incident.
Claimants seek to recover the cost of repairing the damage to their swimming pool. Claimants submitted into evidence an estimate from AAA Pools & Spas which states that the cost to replace the pool liner, cover, pump, motor, filter, and light, including labor amounts to $17, 023.60.
*245 The Claimants’ position is that the Respondent negligently caused an unusally large amount of water to flow onto their property, damaging their swimming pool. The Claimants’ contend that if Respondent had properly maintained the culvert underneath Route 24 on or prior to the date of the flood, the water would have flowed into Seng Creek rather than flooding their property.
The position of Respondent is that it did not have notice of a problem with the drainage system on County Route 24 prior to the incident. The Respondent further contends that it is not responsible for the flood related damage to Claimants’ property as the property is prone to flooding.
Douglas Kirk, a civil engineer and unit leader for the hydraulic and drainage unit of Respondent agency, testified that he visited Claimants’ property on two occasions to analyze the cause of the flood on Claimants’ property. Kirk described the culvert under County Route 24 as a 24 inch concrete framed culvert lined with corrugated metal at a 9% slope. Kirk further testified that Claimants’ property is located between a steep hill side, with a slope of approximately 55%, and a creek at a fairly low elevation.
Using a topographical map, Kirk estimated that Claimants’ property is situated near the bottom of a 71 acre watershed. Kirk testified that in the event of a flash flood or major storm event sediment, rocks, and debris will typically deposit at the bottom of a hill where it levels out, which, in this case, is next to Seng Creek. Kirk also testified that Claimants’ driveway slopes down from Route 24, with the effect of diverting water that is flowing on the road and in the ditch in front of Claimant’s residence to flow onto Claimants’ property and towards the lowest point - their swimming pool.
■ Kirk stated that there was a large amount of flooding on the day of the incident and that Respondent’s crews were actively cleaning out drains and dealing with landslides; however, he stated it was impossible for the crews to clean out every culvert during the event. In Kirk’s professional opinion, even if the culvert were completely clear prior to August 2,2009, the flood event would have filled the culvert and caused water to overflow.
The Court previously has held that Respondent has a duty to provide adequate drainage of surface water, and that drainage systems must be maintained in areasonable state of repair. Haught v. Dept. of Highways, 21 Ct. Cl. 237 (1980). To hold Respondent liable for damages caused by an inadequate drainage system, Claimants must prove that Respondent had actual or constructive notice of the existence of the inadequate drainage system and a reasonable amount of time to take corrective action. Orsburn v. Div. of Highways, 18 Ct. Cl. 125 (1991); Ashworth v. Div. of Highways, 19 Ct. Cl. 189 (1993); Harrah v. Division of Highways, 24 Ct. Cl. 326 (2003).
The Court, after a careful review of the evidence in this claim, is of the opinion that a combination of factors contributed to the flooding and water damage to Claimants’ property. The Court finds that the steep elevation between the hill side and Seng Creek forms a natural drainage area towards the culvert beneath Route 24, which in the case of a severe storm event includes sediment and debris. The evidence suggests that if the culvert were to become clogged and overflow, the slope of Claimants’ driveway permits the diversion ofwater onto Claimants’ property and into their pool from the roadway. The Court concludes from the testimony and evidence presented at hearing that the water flow and flooding Claimants’ property would have been the same regardless of actions undertaken by Respondent prior to August 2, 2009. Further, no evidence was presented that Respondent knew or should have known of a problem with its culvert prior to the incident involved in this claim.
*246 The Court finds that Claimants have not satisfied their burden of proving that Respondent’s negligent maintenance of the culvert underneath County Route 24 in Boone County was a proximate cause of the flooding problems. Although the Court is sympathetic to Claimants’ plight, there is insufficient evidence of negligence upon which to base on award. In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed